# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | New Mexico Golf Academy, LLC v. AB Construction, Inc., et al. |
| Case Number: | 04-01229 |

### Document Information

| | |
|---|---|
| Description: | Order Granting [3-1] Motion to Remand by AB Construction, Inc., Dan Armstrong . |
| Received on: | 2005-04-18 11:18:09.000 |
| Date Filed: | 2005-04-18 00:00:00.000 |
| Date Entered On Docket: | 2005-04-18 00:00:00.000 |

### Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: NEW MEXICO GOLF ACADEMY, LLC,     No. 11-04-15974 MA

     Debtor.
_____

NEW MEXICO GOLF ACADEMY, LLC,
a New Mexico limited liability company,

     Plaintiff,

v.     Adversary No. 04-1229 M

AB CONSTRUCTION, INC., a New Mexico
corporation, and DAN ARMSTRONG,

     Defendants/Counter-Plaintiffs,

v.

NEW MEXICO GOLF ACADEMY, LLC,
a New Mexico limited liability company,

     Counter-Defendant.

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on the Motion to Remand filed by Defendants AB Construction, Inc. and Dan Armstrong, by and through their attorneys of record, Behles Law Firm, P.C. (Jennie Deden Behles). The Court held a final hearing on the Motion to Remand on March 31, 2005. After considering the arguments of counsel, and being otherwise sufficiently informed, the Court finds that the removed case entitled New Mexico Golf Academy, LLC v. AB Construction, et al., identified as Cause No. 2001-7644 ("Removed Action") should be remanded to the Second Judicial

1

District Court. In reaching this determination, the Court FINDS:

1. New Mexico Golf Academy, LLC ("NMGA") initiated the Removed Action in the Second Judicial District Court on or about November 9, 2001. (*See* Exhibit 1 - docket from Removed Action).

2. The claims raised in the Removed Action involve issues of state law, including a claim for declaratory judgment seeking to avoid a lien filed by the defendants against the NMGA's leasehold interest, a claim for damages for breach of contract, and a claim for damages based on negligence and inferior construction.

3. Defendants to the Removed Action filed counter-claims against NMGA for damages for breach of contract and for foreclosure of its lien.

4. The Removed Action was scheduled for a non-jury trial beginning August 16, 2004.

5. As of the scheduled trial date, defendants to the Removed Action had filed their proposed findings of fact and conclusions of law in the Removed Action, but NMGA had not. The state court had already dismissed Dan Armstrong as a defendant in the Removed Action, and denied NMGA's motion for reconsideration of the dismissal. NMGA filed a notice of appeal of this ruling.

6. NMGA filed its voluntary petition under Chapter 11 of the Bankruptcy Code on the day the trial was set to begin in the Removed Action.

7. The trial was vacated due to the imposition of the automatic stay, and NMGA filed a notice of removal on November 15, 2004.

8. Tom Grisham, one of the partners of the law firm representing the defendants in the Removed Action, testified that he expected the trial date could be re-scheduled in state court by

2

September or October of this year, though there has been no indication from the state court judge assigned to the Removed Action when the Removed Action might be set for trial in the event the Removed Action is remanded.

9. NMGA's contemplated plan of reorganization is to sell its leasehold interest, or to sell the revenue stream off of the leasehold improvements until it can locate a buyer. The monthly operating reports filed in the NMGA's bankruptcy proceeding reflect losses for each month since the petition date.

DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

Because remand can be based on "any equitable ground" courts often apply the standards enumerated in the abstention statute when considering motions to remand. *See, e.g., Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that if abstention is required under § 1334(c)(2), a court should remand to state court); *In re Premier Hotel Development Group,* 270 B.R. 243, 258 (Bankr.E.D. Tenn. 2001) ("'The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),*193 B.R. 971, 981 (Bankr.N.D.Ala. 1996) (citation omitted)).

Mandatory and permissive abstention is governed by 28 U.S.C. § 1334(c), which provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from

> hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon a timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) addresses situations when the court must abstain, and pertains only to non-core proceedings, while 28 U.S.C. § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See Premier Hotel,* 270 B.R. at 250 ("[M]andatory abstention does not apply to core proceedings . . ."). "Core" proceedings are proceedings arising under title 11 or arising in title 11, including "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A); matters determining the "allowance or disallowance of claims against the estate," 28 U.S.C. § 157(b)(2)(B); "counterclaims by the estate against persons filing claims against the estate," 28 U.S.C. § 157(b)(2)(C); and "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). The Removed Action concerns claims of the NMGA bankruptcy estate against the defendants, and counterclaims of the defendants against NMGA. The Removed Action will determine whether defendants have a valid lien against NMGA's leasehold interest, the primary asset of the bankruptcy estate. Its resolution will affect the administration of the bankruptcy estate inasmuch as it will liquidate the claims of the parties. Thus, even though the Removed Action raises state law causes of action, the claims and counterclaims constitute "core" proceedings. *See Hatchrite Corp. v. Chesterfield Fin. Corp. (In re Hatchrite Corp.),* 211 B.R. 58, 61 (Bankr.E.D.Okla. 1997) (noting that "[a] matter cannot be deemed non-core

4

merely because its resolution is controlled by state law.") (citing 28 U.S.C. § 157(b)(3)).

Viewing the Removed Action as a "core" proceeding, the Court will consider whether remand is appropriate in light of the factors relevant to permissive abstention. Those factors include:

(1) effect of abstention on the efficient administration of the bankruptcy estate;
(2) extent to which state law issues dominate
(3) difficulty or unsettled nature of applicable law
(4) presence of related state court proceeding;
(5) existence of alternate federal jurisdictional basis;
(6) relatedness or remoteness of proceeding to main bankruptcy case;
(7) substance rather than the form of asserted "core" proceeding;
(8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
(9) burden on bankruptcy court's docket;
(10) likelihood that commencement of proceeding in bankruptcy court involves forum shopping by one of the parties, and,
(11) presence in proceeding of nondebtor parties.

*Hatchrite Corp.,* 211 B.R. at 62 (citing *In re Chicago Milwaukee, St. Paul & Pacific R. Co.,* 6 F.3d 1184 (7th Cir. 1993).

Similarly, other equitable factors relevant to the question of remand include:

Whether there will be a duplication of judicial resources. Whether there will be an uneconomical use of judicial resources. What the effect of remand would have on the administration of the bankruptcy estate. Whether the case concerns questions of state law better addressed by the state court. Whether comity requires a remand. Whether there would be any prejudice to those parties involuntarily removed. Whether remand would lessen the possibility of inconsistent results. What is the expertise of the originating court.
*Bethesda Boys Ranch v. Atlantic Richfield Company,* 208 B.R. 980, 984 n.1 (N.D.Okla.1997) (citing *River Cement Co. v. Bangert Bros. Const. Co.,* 852 F.Supp 25, 27 (D.Colo. 1994).

The majority of the factors outlined above weigh in favor of remanding the Removed Action to state court. Allowing the state court to adjudicate the dispute between these parties will not prevent the bankruptcy proceeding from moving forward. NMGA is likely to propose a liquidating plan. A sale

5

could go forward with proceeds from the sale being held pending a determination by the state court of the amount of any claim Defendants may have. State law issues predominate in the Removed Action. Most significantly, the Removed Action was scheduled for trial when NMGA filed its notice of removal, a clear indication that the removal was motivated at least in part by a desire to change forums. For this Court to try a proceeding which had already progressed to trial, and for which the state court had already issued significant rulings would be uneconomical and a waste of judicial resources. Similarly, comity principles weigh in favor of remand. Having presided over the case from 2001 through the trial date, the state court is well acquainted with the facts of the Removed Action. Though it is not certain when the state court will have time on its docket to reschedule the trial, Mr. Grisham testified that he believed the Removed Action could be rescheduled for trial by the fall of 2005. There was no evidence offered to show that the Removed Action could be set for trial in this Court before that time.

Based on the foregoing, the Court concludes that the Removed Action should be remanded to state court in accordance with 28 U.S.C. §1452.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Remand is GRANTED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

George Dave Giddens
Attorney for NMGA
10400 Academy NE, Suite 350
Albuquerque, NM 87111

Jennie Deden Behles
Attorney for Defendants
PO Box 7070
Albuquerque, NM 87194

*/s/ Patti G. Hennessy*
Patti G. Hennessy
Law Clerk
(505) 348-2545